

## IN THE SUPERIOR COURT OF GUAM

DARIUS ABDUL RICHARDSON,

      Plaintiff.

vs.

JEAN LORRAINE RICHARDSON, et al.

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Domestic Case No. DM0361-01

**DECISION AND ORDER: Plaintiff's Motion for a Short Enlargement of Time Re: Child Support Arrears Calculations**

## INTRODUCTION

This matter came before the Honorable Katherine A. Maraman on Plaintiff Darius Richardson's Motion for a Short Enlargement of Time to October 21 Re: Child Support Arrears Calculations, filed October 3, 2013. Attorney Daniel J. Berman represents Darius. Defendant Jean Richardson is *pro se*. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the court hereby issues this Decision and Order DENYING the Darius's motion.

## BACKGROUND

On December 17, 2012, the court entered an order giving the parties until January 17, 2013 to submit proof of payments of child support expenses incurred from August 1, 2008 until December 31, 2012. During the August 17, 2012 hearing, the court ordered the parties to submit proof of payments by October 11, 2013 of child support expenses incurred from January 1, 2013 until September 30, 2013.

On October 3, 2013, Darius filed a motion for enlargement of time to be able to submit expense receipts for piano lessons that were incurred from 2008 through 2012 totaling $8,148.



He claims that after reviewing the court's proposed Decision and Order for Arrears, he "was alerted to the need for contact with witness Piano Teacher Ms. Karen Ives . . . ." to be able to prove he had incurred the expenses.

Jean opposed Darius' motion and cited this court's December 17, 2012 order which imposed a deadline of January 17, 2013 for the submission of such documents.

In his reply, Darius argues that the court should consider the piano lessons expenses because it would prejudicial not to. He claims that he is entitled to a trial on the merits of the child support arrears calculation and that he is being denied due process if denied that right. He argues that because no trial has been scheduled, he should not be bound to the January 17 deadline. In his conclusion, Darius requests a trial setting on the merits. He also requests in the alternative that if request for trial is denied, then the court to consider his October 3 request to enlarge time for the submission for piano lessons expenses.

## DISCUSSION

### A. Request for Enlargement of Time

No good cause exists for this court to grant Darius's request for enlargement of time because Darius was given ample time to submit his expense receipts for the piano lessons. The court, in its December Order, required the parties to submit record of payments from August, 2008, through December, 2012, in support of the children. *See* Dec. & Order at 7, 10 (Dec. 17, 2012). "These payments may include payments for court-ordered support, health care, medical insurance, extra-curricular activities, school tuition, fees and books and household internet connections." *Id.* The record was due thirty days after issuance of the Order – January 16, 2013. *Id.* If Darius needed more time to prepare his submission or to obtain the necessary documentation to establish that he had paid for the piano lessons that were listed in his

declaration, he should have made such a request prior to the January 16 deadline. At the very least, Darius could have mentioned in his declaration (which included a summary of expenses and also lists piano lessons) that he needed more time to obtain proof of payments for the piano lessons, but he did not. *See* Decl. of Darius Richardson (Jan. 16, 2013).

It is worth noting that Darius previously had the opportunity during prior evidentiary hearings to present evidence regarding his contributions towards the children's' piano lessons. *See* Hearing Minutes, DM-361-01 (Dec. 15, 2010; Dec. 16, 2010; Jan. 7, 2011; Jan. 24, 2011; Feb. 11, 2011). Indeed, the issue of expenses for piano lessons was specifically brought up at the very first session of the evidentiary hearing and several times thereafter. *See, e.g.* Hearing Minutes at 2:57:22; 3:00:41 PM (Dec. 15, 2010); Hearing Minutes at 3:25:35 PM (Jan. 7, 2011); Hearing Minutes at 3:24:16 PM (Feb 11, 2011).

Thus, the deadline imposed no unreasonable burden on Darius, and this court does not find good cause to disturb its previous order requiring the parties to submit proof of payments by January 16, 2013.

**B. Procedural Due Process**

Darius further argues that, notwithstanding the court's discretion to decline enlargement, he has been denied his procedural due process rights guaranteed under the Constitution because he entitle him to a full trial on the issue of arrears. These assertions are incorrect.

The Due Process Clause of the Fifth and Fourteenth Amendments provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541-42, 105 S. Ct. 1487, 1493 (1985). This protection extends to the determination and enforcement of child support obligations. *See e.g., Weinstein v. Albright*, 261 F.3d 127, 134 (2d Cir. 2001);

*Amunrud v. Bd. of Appeals*, 143 P.3d 571, 574-75 (Wash. 2006). However, this standard is by no means a guarantee of a full trial following any deprivation. "Due process is a flexible concept and a determination of what process is due, or what notice is adequate, depends upon the particular circumstances involved." *Bliek v. Palmer* 102 F.3d 1472, 1475 (8th Cir.1997) (citing *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). In general, the minimally stringent requirements are satisfied so long as a deprivation is preceded by notice and opportunity for hearing appropriate to the nature of the case." *Loudermill*, 470 U.S. 532 at 541(citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 656 (1950)); *see also Boddie v. Connecticut*, 401 U.S. 371, 379, 91 S.Ct. 780, 786, (1971).

In evaluating the procedure necessary for due process, statutory mandates and case law have determined there is a substantial public policy interest in swiftly providing support for children. 5 GCA § 34105 (determining "public policy in favor of...having parents support their children"); *Duranceau v. Wallace*, 743 F.2d 709, 711 (9th Cir. 1984) (when weighing due process requirements, "[i]t is hard to imagine a more compelling state interest than the support of its children"). This societal interest led federal law to instruct that child support matters be subject to "[e]xpedited administrative and judicial procedures[.]" 42 U.S.C.A. § 666; *see also* Guam R. Exp. Process 3.1 ("*Expedited Process* means administrative or expedited judicial processes or both which increase effectiveness and meet processing times specified in 43 CFR & (b)(2) or its progeny. and under which the presiding officer is not a judge of the court."). In light of the significant interest in fast and efficient resolution of child support disputes, courts have held that imposing support obligations does not violate due process so long as it follows "some form of an evidentiary hearing[.]" *Walters v. Weiss*, 392 F.3d 306, 315 (8th Cir. 2004).

In this case, there can be no doubt that Darius was provided the appropriate procedural due process. As discussed above, this court held an extensive evidentiary hearing spanning five separate days with regard to the proper calculation of child support arrears. *See* Hearing Minutes, DM-361-01 (Dec. 15, 2010; Dec. 16, 2010; Jan. 7, 2011; Jan. 24, 2011; Feb. 11, 2011). Additionally, the court held another hearing on August 2012 and provided parties the opportunity for informal meetings with the Law Clerk assigned to the case. Despite the constitutional sufficiency of these hearings alone, the court gave parties a full additional month to submit proof of payments of child support expenses incurred from August 1, 2008 until December 31, 2012. Darius had ample notice and opportunity to be heard through extensive briefing as well as presentation of testimonial and documentary evidence. The mere inconvenience of conflict between Darius's travel schedule and the court's deadlines falls far short of a due process deprivation and does not excuse his failure to document piano expenses discussed in evidentiary hearings two years.

## CONCLUSION

Based on the foregoing reasons, the court **DENIES** Darius's Motion for a Short Enlargement of Time Re: Child Support Arrears Calculations.

**SO ORDERED** this _2nd_ day of April, 2014.

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

Date_____ Time:_____

Deputy Clerk, Superior Court of Guam

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam